KAREN NELSON MOORE, Circuit Judge,
dissenting.
I disagree with the majority that Lyons is entitled to qualified immunity. There is ample evidence that “the right which was violated was clearly established” in our circuit. Bultema v. Benzie County, 146 Fed.Appx. 28, 37 (6th Cir. 2005). We have *442 held that an officer’s conduct is not objectively reasonable where he performs a “takedown” of an individual already in custody, who, despite being argumentative and possibly intoxicated, was not actually aggressive against any officers. Laury v. Rodriguez, 659 Fed.Appx. 837, 843-44 (6th Cir. 2016); see Bonner-Turner v. City of Ecorse, 627 Fed.Appx. 400, 412 (6th Cir. 2015) (holding that a jury could find that an officer was unreasonable when he shoved an individual face-first into a wall after the individual verbally threatened and spat on officers, but never physically resisted arrest). Although Laury and Turner post-date Scott’s arrest, our cases pri- or to his arrest made clear that “there undoubtedly [was] a clearly established legal norm precluding the use of violent physical force against a criminal suspect who already has been subdued and does not present a danger to himself or others.” Harris v. City of Circleville, 583 F.3d 356, 367 (6th Cir. 2009). This does not require that in order to be free from violent force a suspect must be handcuffed at the time such force was used. Baker v. City of Hamilton, 471 F.3d 601, 607 (6th Cir. 2006) (holding that the fact that plaintiff “was not handcuffed at the time he was struck does not preclude a finding of unreasonableness” even where he had earlier attempted to evade arrest). In Malory v. Whiting, 489 Fed.Appx. 78, 79-80 (6th Cir. 2012), we held that officers were not entitled to qualified immunity where they “grabbed Plaintiffs neck and shoved him into the booking counter” while the plaintiff was not handcuffed. At the time of the incident, plaintiff had gotten into a minor dispute with the booking officers, and had begun to undress so that he could be searched. Id. at 80. The takedown began when an officer “apparently became concerned when Plaintiff put his belt over his shoulder.” Id. Although the officer perceived this as threatening, we nonetheless held that “[i]n light of [plaintiffs] conduct, reasonable officers would have understood that an obvious legal norm prohibited them from tackling a suspect who made only a mild show of resistance.” Id. at 86.
When we view the facts in the light most favorable to Scott, even taking into account the video evidence that contradicted his testimony, it is clear that a reasonable jury could dispute whether Lyons was objectively reasonable in violating a clearly established right. Scott was arrested for creating a disturbance, which is “not a severe offense that would support a greater use of force.” Lustig v. Mondeau, 211 Fed.Appx. 364, 370 (6th Cir. 2006). Defendants do not claim that Scott ever attempted to evade arrest. See Malory, 489 Fed.Appx. at 83. Before the incident, the officers performed a pat down on Scott and did not find any weapons. R. 54-3 (Lyons Dep. at 56) (Page ID #339). Although the video confirms that Scott was unruly and yelling in the holding cell, there is no indication that he was being physically aggressive toward any officers. In fact, Lyons testified that Scott was “cooperative with us,” that Scott did not threaten Lyons, and that Lyons did not perceive Scott as a threat. Id. at 53-56, 69-71 (Page ID #339-40). The officers even permitted Scott to use the restroom “unhandcuffed,” and Lyons confirmed that if Scott had been perceived as a threat, they would have kept the handcuffs on. Id. at 55-56 (Page ID #339); see Laury, 659 Fed.Appx. at 843 (“[t]hat [defendant] took [plaintiffs] handcuffs off after [plaintiff made a verbal threat] suggests a reasonable officer /would not necessarily have viewed this comment as a threat.”) Although Defendants claim that Lyons believed that Scott was taking a step to hit him, Scott on appeal argues that he took that step in order to talk to Lyons. Appellant’s Br. at 5.
*443 On the basis of these facts, I do not believe that Lyons is entitled to qualified immunity. Because I believe that there are genuine issues of fact regarding Scott’s excessive-force claim, I respectfully dissent.